

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 16, 1957

Honorable W. W. Kilgore
County Attorney
Victoria County
Victoria, Texas

Opinion No. WW-315

Re: Whether or not the County
Clerk is required to publish
an exhibit showing the
aggregate amount paid out of
funds, the amount of indebt-
edness, etc. as required by
Article 1609 of Vernon's
Annotated Civil Statutes.

Dear Mr. Kilgore:

You have requested our opinion on the duty of the
County Clerk to publish the Annual Financial Report under the
provisions of Article 1609, Vernon's Civil Statutes, where
said county has a County Auditor.

Article 1675, Vernon's Civil Statutes, reads as fol-
lows:

"Where the provisions of this subdivision
impose upon the auditor like duties as are re-
quired of the county clerk, the provisions of
this law shall prevail, and to such extent only
is the county clerk relieved of his duties."

From this article, it seems clear that where the Legislature
imposed duties upon the county auditor which coincide with the
duties of the county clerk, the county clerk is relieved of his
duties to the extent of any overlap.

Among the duties of the county auditor, Article 1663,
Vernon's Civil Statutes, reads as follows:

"He shall keep an account with each person
named in the preceding articles and in doing so
he shall relieve the county clerk of keeping the
finance ledger. His books shall show the de-
tailed items of the indebtedness against all of
said officers and the manner of discharging same.
He shall require all persons who shall have re-
ceived any moneys belonging to the county, or
having the disposition or management of any prop-
erty of the county to render statements to him."

Article 1665, Vernon's Civil Statutes, reads as follows:

"The County Auditor shall make monthly and annual reports to the Commissioners Court and District Judge or District Judges of his county setting forth all the facts of interest and showing the aggregate amounts received and disbursed out of each fund, the condition of each account on the books, the amounts of county, district and school funds on deposit in the County Depository, showing further the amount of bonded and other indebtedness of the county, together with such other information and suggestions as he may deem proper or that said Commissioners Court or District Judge or District Judges may require. Said annual report shall be made to include all transactions during the year ending December 31st of each year and shall be completed and filed at a regular or special term of the Commissioners Court in the following April and copies of such reports shall be filed with the District Judge or District Judges of said county. Each time an annual audit is delivered to the Commissioners Court and the District Judge or District Judges, as the case may be, the County Auditor shall send a report to the bonding company of each district, county or precinct officer showing the condition of that particular office. As amended Acts 1955, 54th Leg., p. 1117, ch. 414, § 3."

Among the duties imposed upon the County Clerk, the following Articles are applicable.

Article 1607, Vernon's Civil Statutes, reads as follows:

"Each commissioners court shall procure a well-bound ledger and index, to be known as the finance ledger, and shall cause to be entered therein a full and orderly statement of the condition of the county finances. The county clerk shall open and keep in said book an account with each officer of the county, district or State, who may be authorized or required by law to receive or collect all money or other property for the use of, or belonging to the county, and shall state at the top of each page of said account the name of such officer and his office. The clerk shall keep such other accounts as may be necessary to carry out

Honorable W. W. Kilgore, page 3 (WW-315)

the purposes of this title, and shall conveniently
index each.  And items shall be entered daily un-
der their respective heads.  All reports and vouch-
ers shall be filed with said clerk and carefully
preserved, and briefly noted in the proper account
upon the ledger.  Said finance ledger shall be at
all times subject to the inspection of the public."

Article 1608, Vernon's Civil Statutes, reads as fol-
lows:

"Said clerk shall balance each account so
kept, and make a sworn tabular statement at each
regular term of the commissioners' court for the
three months preceding the month when such court
meets in regular session, to be presented to said
court during the second day of its term, specify-
ing therein the names of the creditors of said
county, and the items of indebtedness, with their
respective dates of accrual, and also the names of
persons to whom moneys have been paid, with the
amounts paid each, the names of persons from whom
moneys have been received, with the date of re-
ceipt and for what account received, during the
quarter for which such statement is prepared; said
statement shall also separately show the amount to
the credit or debit of each fund."

Article 1609, Vernon's Civil Statutes, reads as fol-
lows:

"Immediately after the first regular term of
said court in each year said clerk shall publish
once in some weekly newspaper published in his
county, or if there be no paper published therein,
then by posting four copies of such exhibit, one
in each commissioners precinct, one of which shall
be at the court house door, the other three at pub-
lic places in such precincts, an exhibit showing
the aggregate amount paid out of each fund for the
four preceding quarters, and the balance to the
credit or debit of each fund; also the amount of
indebtedness of said county, with their respective
dates of accrual, and to whom and for what due;
also the amount to the debit or credit of each
officer or other persons with whom an account is
kept.  The cost for publishing the same shall be
paid by order of said court out of the general
fund of the county."

It is our opinion that Article 1663, above, clearly places upon the county auditor the duty to keep the finance ledger of the county and to that extent relieves the county clerk of his duty to keep the ledger under Article 1607.

Further, it is our opinion that Article 1665 above imposes the duty on the county auditor to make monthly and annual reports to the Commissioners' Court and District Judge or Judges of his county, which relieves the county clerk of the duty imposed upon him by Article 1608 above.

However, no duty is imposed by the statutes upon the county auditor, which coincides with the duty of the county clerk under Article 1609 above. Further, it appears that under the provisions of Article 1609 there is no requirement that the county clerk certify to the correctness of the financial exhibit. It is, therefore, our opinion under the above statute that the duty to publish the annual financial exhibit under the provisions of Article 1609, Vernon's Civil Statutes, is still the responsibility of the county clerk. However, his duty is only to see that an annual financial report be published, containing the information set out in Article 1609, which in effect is the same as the annual report required of the county auditor.

## SUMMARY

The county clerk is required to publish an exhibit, showing the aggregate amount paid out of funds, the amount of indebtedness, et cetera, as required by Article 1609, Vernon's Civil Statutes, which requirement may be satisfied by publishing a copy of the county auditor's annual financial report to the Commissioners' Court and District Judges.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Galloway Calhoun, Jr.
Galloway Calhoun, Jr.
Assistant

GC:wam:wb

Honorable W. W. Kilgore, page 5  (WW-315)


APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
John H. Minton, Jr.
Mrs. Marietta McGregor Payne
B. H. Timmins, Jr.
Fred Werkenthin

REVIEWED FOR THE ATTORNEY GENERAL

BY:  James N. Ludlum